UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEPHEN LEWIS and** | : | **COMPLAINT** |
| **JESSICA GARUTI** | | |
| **v.** | : | |
| | : | |
| **FARMINGTON AUTO PARK, LLC and** | : | |
| **WACHOVIA DEALER SERVICES, INC.** | : | November 21, 2007 |

## INTRODUCTION

1. This is a suit brought by two consumers against the defendant automobile dealership for failing to make the required disclosures pursuant to the Truth in Lending Act, for making false statements regarding the plaintiff's creditworthiness in violation of the Credit Repair Organizations Act ("CROA"), for selling a vehicle for more than the advertised price, and for breaching the implied warranty of merchantability.

## PARTIES

2. The plaintiffs are Connecticut residents residing in New Britain, CT.

3. The defendant Farmington Auto Park, LLC ("Farmington Auto Park") is a Connecticut limited liability company with a principal place of business in Plainville, CT.

4. The defendant Wachovia Dealer Services, Inc. ("Wachovia") is a Deleware corporation with a principal place of business in California.

## JURISDICTION

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1640, 15 U.S.C. § 1679g, and the court's ancillary and pendent jurisdiction.

6. This court has jurisdiction over the defendant Farmington Auto Park, because it is a resident of this state.

7. This court has jurisdiction over the defendant Wachovia, because it regularly does business in this state.

8. This court has venue over this matter, because the acts complained of occurred in Connecticut.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about December 18, 2007, Plaintiffs visited Farmington Auto Park and decided to purchase a used 2002 Subaru Impreza.

10. Plaintiffs completed a credit application and submitted it to Farmington Auto Park.

11. Plaintiffs executed a retail installment sales contract for the purchase of the vehicle.

12. The retail installment sales contract stated that Plaintiff was making a cash down payment of $3,000, although Plaintiff was required to pay and, in fact, only paid $1,000.

13. Farmington Auto Park assigned the retail installment sales contract to Wachovia.

### CAUSES OF ACTION
### FIRST COUNT - TILA

14. Paragraphs 1-13 are incorporated.

15. Farmington Auto Park failed to provide the disclosures required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* because the additional sales tax

charged to Plaintiff due to the inflated down payment was a charge imposed as a condition of obtaining financing and should properly have been disclosed as a finance charge rather than part of the amount financed.

16. Additionally, the contract included a $200 charge for vendor's single interest insurance that should have been included as part of the finance charge under TILA.

17. Farmington Auto Park is liable to Plaintiff for statutory damages of $1,000 plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640.

## SECOND COUNT - CROA

18. Paragraphs 1-13 are incorporated.

19. Farmington Auto Park violated the Credit Report Organizations Act ("CROA"), 15 U.S.C. § 1679b, by making false statements to Wachovia for purposes of persuading it to extend credit to the Plaintiff.

20. Farmington Auto Park is liable to the Plaintiff for actual damages, punitive damages, and a reasonable attorney's fee pursuant to 15 U.S.C. § 1679g(a).

## THIRD COUNT – DECLARATORY RELIEF

21. Paragraphs 1-18 are incorporated.

22. The retail installment sales contract violated the Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. § 36a-770 *et seq*, in that the annual percentage rate was greater than maximum permitted interest rate of 19% when the additional sales tax is included as part of the finance charge.

23. RISFA is further violated by the TILA violations described above.

24. Plaintiffs are entitled to a court order that they are permitted to rescind the contract upon the return of the vehicle to the defendants and that they are entitled to a return of all amounts paid thereunder.

25. Alternatively, under Conn. Gen. Stat. § 36a-786, Plaintiffs are entitled to a court order that they are not obligated to pay finance charges on the contract.

### FOURTH COUNT – BREACH OF EXPRESS WARRANTY AND IMPLIED WARRANTY OF MERCHANTABILITY

26. Paragraphs 1-13 are incorporated.

27. The sale included an implied warranty that the vehicle would be merchantable.

28. Additionally, there was an express warranty that the vehicle would be eligible for coverage of any mechanical defects under a service contract that was included in the sale.

29. Very shortly after the purchase, the vehicle's transmission failed, and the service contract administrator refused to cover the cost of repairs based upon its determination that the failure arose from a condition that existed at the time of sale.

30. Additionally, the vehicle had a bent control arm at the time of sale.

31. Plaintiffs demanded that Farmington Auto Park pay for the repairs, but Farmington Auto Park refused to do so.

32. The defendants are liable for the cost of repairs plus a reasonable attorney's fee pursuant to the Magnuson-Moss Warranty Act.

## FIFTH COUNT – UNFAIR TRADE PRACTICES

33. Paragraphs 1-31 are incorporated.

34. Farmington Auto Park violated the Connecticut Unfair Trade Practices Act for its unfair and deceptive acts and conduct, as aforedescribed.

35. Additionally, Farmington Auto Park violated CUTPA by its sale of a service contract that was not in compliance with Connecticut's Plain Language Statute, Conn. Gen. Stat. § 42-151 et seq.

36. The defendants are liable under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*, for actual damages, punitive damages, and a reasonable attorney's fee.

        PLAINTIFFS, STEPHEN LEWIS &
        JESSICA GARUTI

By: _____
    Daniel S. Blinn, ct02188
    Consumer Law Group, LLC
    35 Cold Spring Road, Suite 512
    Rocky Hill, Connecticut 06067
    Tel. (860) 571-0408  Fax (860) 571-7457
    dblinn@consumerlawgroup.com